1  Cynthia O'Neill, Bar No. 132334
   coneill@lcwlegal.com
2  Suzanne Solomon, Bar No. 169005
   ssolomon@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  153 Townsend Street, Suite 520
   San Francisco, CA 94107
5
   Telephone:    (415) 512-3000
6  Facsimile:    (415) 856-0306

7  Attorneys for Defendants
   CITY OF MARTINEZ, DAVID CUTAIA, TOM
8  SIMONETTI, MARK SMITH, GARY PETERSON,
   and DON BLUBAUGH
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12
   ROBIN GONZALES,                    Case No.  C-08-01754 JSW
13
              Plaintiff,              **ANSWER BY DEFENDANTS CITY OF**
14                                    **MARTINEZ, DAVID CUTAIA, TOM**
   v.                                 **SIMONETTI, MARK SMITH, GARY**
15                                    **PETERSON, AND DON BLUBAUGH TO**
   CITY OF MARTINEZ, DAVID CUTAIA,    **FIRST AMENDED COMPLAINT**
16 TOM SIMONETTI, MARK SMITH,
   GARY PETERSON, DON BLUBAUGH
17 AND DOES 1-100 INCLUSIVE,
18            Defendants.

19

20       In answer to the First Amended Complaint ("COMPLAINT"), Defendants the City of

21 Martinez, David Cutaia, Gary Peterson, Mark Smith, Tom Simonetti and Don Blubaugh

22 ("Defendants") admit, deny, and affirmatively allege as follows:

23       1.     In answer to paragraph 1 of the COMPLAINT, Defendants admit that jurisdiction

24 and venue are proper.

25       2.     In answer to paragraph 2 of the COMPLAINT, Defendants admit each and every

26 allegation contained therein.

27       3.     In answer to paragraph 3 of the COMPLAINT, Defendants admit each and every

28 allegation contained therein.

                                          ANSWER TO FIRST AMENDED
                                                       COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1    4.    In answer to paragraph 4 of the COMPLAINT, Defendants admit that David

2  Cutaia is a citizen of the State of California and was the Chief of the City of Martinez Police

3  Department until December 31, 2007.  Except as expressly admitted, Defendants deny each and

4  every remaining allegation in paragraph 4.

5    5.    In answer to paragraph 5 of the COMPLAINT, Defendants admit that Tom

6  Simonetti is a citizen of the State of California and was a Commander in the City of Martinez

7  Police Department until December 31, 2007 and that he became Chief after that.  Except as

8  expressly admitted, Defendants deny each and every remaining allegation in paragraph 5.

9    6.    In answer to paragraph 6 of the COMPLAINT, Defendants admit that Mark Smith

10  was a Commander in the City of Martinez Police Department.  Except as expressly admitted,

11  Defendants deny each and every remaining allegation in paragraph 6.

12    7.    In answer to paragraph 7 of the COMPLAINT, Defendants admit that Gary

13  Peterson is a citizen of the State of California, was a Detective Sergeant in the City of Martinez

14  Police Department and is now a Commander in the City of Martinez Police Department.  Except

15  as expressly admitted, Defendants deny each and every remaining allegation in paragraph 7.

16    8.    In answer to paragraph 8 of the COMPLAINT, Defendants admit all of the

17  allegations therein.

18    9.    In answer to paragraph 9 of the COMPLAINT, Defendants admit all of the

19  allegations therein.

20    10.    In answer to paragraph 10 of the COMPLAINT, Defendants admit that Plaintiff

21  became a Police Assistant and that her duties involved working in the evidence room.

22  Defendants further admit that Plaintiff took classes regarding evidence and handled evidence at

23  crime scenes for the City of Martinez.  Except as expressly admitted, Defendants deny each and

24  every remaining allegation in paragraph 10.

25    11.    In answer to paragraph 11 of the COMPLAINT, Defendants admit that Plaintiff

26  requested that her title be changed to Evidence/Property Technician and that David Cutaia

27  approved the request, and that as an Evidence/Property Technician she had the duties she

28  formerly had as a Police Assistant.  Defendants admit that Plaintiff took a Police Assistant

- 2 -

ANSWER TO FIRST AMENDED
COMPLAINT

1  position effective November 30, 2007, after the elimination of the Evidence/Property Technician

2  position.  Defendants further admit that Plaintiff worked in Dispatch during the time period she

3  held the title Evidence/Property Technician.  Defendants admit that Plaintiff is still responsible

4  for providing training to officers regarding how Martinez PD collects and stores evidence.

5        12.    In answer to paragraph 12 of the COMPLAINT, Defendants admit that Plaintiff

6  has claimed to have sustained industrial injuries during her employment with the City of

7  Martinez.  Except as expressly admitted, Defendants deny each and every remaining allegation in

8  paragraph 12.

9        13.    In answer to paragraph 13 of the COMPLAINT, Defendants admit that the job

10  description for the Evidence/Property Technician required Plaintiff to work in Dispatch.  As for

11  Plaintiff's allegation that her neck injury of June 9, 2000 limited her ability to work as a

12  dispatcher on a permanent basis insofar as that activity is stressful on the cervical spine,

13  Defendants are without sufficient knowledge or information to form a belief as to the truth of that

14  allegation and on that basis deny it.  Except as expressly admitted, Defendants deny each and

15  every remaining allegation in paragraph 13.

16        14.    In answer to paragraph 14 of the COMPLAINT, Defendants admit that Gary

17  Peterson became one of Plaintiff's direct supervisors in 2005.  Except as expressly admitted,

18  Defendants deny each and every remaining allegation in paragraph 14.

19        15.    In answer to paragraph 15 of the COMPLAINT, Defendants deny each and every

20  allegation contained therein.

21        16.    In answer to paragraph 16 of the COMPLAINT, Defendants admit that Plaintiff

22  received 8 additional hours on the July 2000 payroll, based on having used 30 hours sick leave

23  between July 1, 1999 and June 30, 2000.  Except as expressly admitted, Defendants deny each

24  and every remaining allegation in paragraph 16.

25        17.    In answer to paragraph 17 of the COMPLAINT, Defendants admit that Plaintiff

26  submitted a written complaint in 2005.  Except as expressly admitted, Defendants deny each and

27  every remaining allegation in paragraph 17.

28        18.    In answer to paragraph 18 of the COMPLAINT, Defendants admit that David

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

- 3 -

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1  Cutaia told Plaintiff that the county crime lab would continue to respond to Martinez crime scenes

2  on major cases.  Except as expressly admitted, Defendants deny each and every remaining

3  allegation in paragraph 18.

4       19.    In answer to paragraph 19 of the COMPLAINT, Defendants admit that Plaintiff

5  wrote a memo to then-City Manager Don Blubaugh, dated May 2, 2007, in which Plaintiff

6  contended that the county crime lab would respond to crime scenes in an advisory capacity only.

7  Defendants further admit that the City Manager told Plaintiff that he would pass along to the

8  Chief the information she said she received from the county crime lab.  Regarding Plaintiff's

9  allegation that she contacted the county crime lab and was advised that they would respond to

10  crime scenes in the City of Martinez only upon certain conditions, Defendants are without

11  sufficient knowledge or information to form a belief as to the truth of those allegations contained

12  therein and on that basis deny those allegations.  Except as expressly admitted, Defendants deny

13  each and every remaining allegation in paragraph 19.

14       20.    In answer to paragraph 20 of the COMPLAINT, Defendants admit that in June

15  2005, then-Commander Simonetti asked Plaintiff to provide an update from her doctor regarding

16  her medical restrictions.  Defendants admit that then-Commander Simonetti told Plaintiff that she

17  would have to use her own time or her own accrued leave to see the doctor for the update

18  regarding her medical restrictions.  As for Plaintiff's allegations that her neurologist advised her

19  that she might have ADA issues, Defendants are without sufficient knowledge or information to

20  form a belief as to the truth of that allegation and on that basis deny that allegation.  Except as

21  expressly admitted, Defendants deny each and every remaining allegation in paragraph 20.

22       21.    In answer to paragraph 21 of the COMPLAINT, Defendants admit that Gary

23  Peterson gave Plaintiff a memo in June 2006 putting her on sick leave monitoring.  Except as

24  expressly admitted, Defendants deny each and every remaining allegation in paragraph 21.

25       22.    In answer to paragraph 22 of the COMPLAINT, Defendants admit that the

26  Evidence/Property Technician position was eliminated in November 2007.  Except as expressly

27  admitted, Defendants deny each and every remaining allegation in paragraph 22.

28       23.    In answer to paragraph 23 of the COMPLAINT, Defendants admit that Plaintiff

- 4 -

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

brought a grievance regarding the elimination of her Evidence/Property Technician position.
Defendants admit that before then-Chief Cutaia knew that Plaintiff's grievance included
allegations that her then-direct supervisor, Sergeant Peterson, had discriminated and/or retaliated
against her, Chief Cutaia reminded Plaintiff that the MOU requires a grievance to be first brought
to the grievant's immediate supervisor.  Except as expressly admitted, Defendants deny each and
every remaining allegation in paragraph 23.

24.    In answer to paragraph 24 of the COMPLAINT, Defendants admit that Plaintiff
was offered positions as Dispatcher or Police Assistant.  Defendants admit that Plaintiff was sent
for a fitness-for-duty examination with a neurologist who found that the work restrictions that
Plaintiff's physician had imposed as to dispatching work remained appropriate.  Except as
expressly admitted, Defendants deny each and every remaining allegation in paragraph 24.

25.    In answer to paragraph 25 of the COMPLAINT, Defendants admit that the City
had an interactive meeting with Plaintiff on June 26, 2007.  As to the allegation that Plaintiff
hired Susan Skamser, Defendants are without sufficient knowledge or information to form a
belief as to the truth of that allegation and on that basis deny that allegation.  Except as expressly
admitted, Defendants deny each and every remaining allegation in paragraph 25.

26.    In answer to paragraph 26 of the COMPLAINT, Defendants admit that Plaintiff
filed a complaint with the California DFEH and received a right to sue letter.  Except as expressly
admitted, Defendants deny each and every remaining allegation in paragraph 26.

27.    In answer to paragraph 27 of the COMPLAINT, Defendants deny each and every
allegation contained therein.

28.    In answer to paragraph 28 of the COMPLAINT, Defendants deny each and every
allegation contained therein.

29.    In answer to paragraph 29 of the COMPLAINT, Defendants admit that the City of
Martinez did not grant Plaintiff's request to postpone its decision regarding the elimination of the
Evidence/Property Technician position, and that the City Council made the decision to eliminate
the position without hearing any oral comments from Plaintiff or her counsel.  Except as
expressly admitted, Defendants deny each and every remaining allegation in paragraph 29.

ANSWER TO FIRST AMENDED
COMPLAINT

30.     In answer to paragraph 30 of the COMPLAINT, Defendants admit that the City of Martinez sent Plaintiff a letter dated October 23, 2007, that informed her that she would either be laid off or could transfer to another position, because her Evidence/Property Technician position was being eliminated.  One of the reasons stated, in the report enclosed in the letter, for elimination of the position, was that the job demands of the Evidence/Property Technician position had decreased.  Defendants further admit that the City of Martinez offered Plaintiff positions as a Dispatcher and a Police Assistant, and that the City of Martinez informed Plaintiff that recruitment was open for positions as Police Officer Trainee and General Laborer. Defendants further admit that the City of Martinez' October 23, 2007 letter stated that once Plaintiff requested and received notice of open positions, she would have 10 days to accept or reject those positions.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 30.

31.     In answer to paragraph 31 of the COMPLAINT, Defendants admit that Plaintiff requested two days off in January 2008.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 31.

32.     In answer to paragraph 32 of the COMPLAINT, Defendants admit that Plaintiff wrote a memo dated November 21, 2007 accepting a Police Assistant position.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph  32.

33.     In answer to paragraph 33 of the COMPLAINT, Defendants admit that Plaintiff submitted a written complaint alleging, among other things, a hostile work environment based on a conversation between Gary Peterson and Josie London that was recorded on the Dispatch line. Defendants further admit that the outside investigator who investigated Plaintiff's allegations concluded that they were not sustained.  Defendants further admit that the City began an investigation into whether Plaintiff violated the electronic media policy.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 33.

34.     In answer to paragraph 34 of the COMPLAINT, Defendants admit that Plaintiff was informed that her primary duty as Police Assistant would be to take over training and to continue handling the evidence room.  Except as expressly admitted, Defendants deny each and

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1  every allegation contained in paragraph 34.

2       35.     In answer to paragraph 35 of the COMPLAINT, Defendants deny each and every

3  allegation therein.

4       36.     In answer to paragraph 36 of the COMPLAINT, Defendants deny each and every

5  allegation therein.

6       37.     In answer to paragraph 37 of the COMPLAINT, Defendants admit that the City of

7  Martinez cooperates with background investigators from other police departments regarding

8  efforts by employees of the City of Martinez to change jobs.  Defendants admit that Defendant

9  Smith did not answer questions that the background investigator asked of him about Plaintiff.

10  Regarding the allegations that Gonzales was a candidate for a desirable position at the Citrus

11  Heights Police Department in September 2006 and that the job would have involved a longer

12  commute than Plaintiffs' job with the City of Martinez, and that Plaintiff was willing to endure

13  the commute, and that Plaintiff had passed all stages of the employment process including the

14  polygraph, and that the last stage of the employment process with Citrus Heights was a

15  background investigation, Defendants are without sufficient knowledge or information to form a

16  belief as to the truth of those allegations contained therein and on that basis deny those

17  allegations.  As to the allegation that the Citrus Heights background investigator told Plaintiff that

18  in his 11 years as a background investigator, no one at a public agency had ever refused to speak

19  to him about an employee, and that Citrus Heights told Plaintiff a few days later that she did not

20  receive the job, Defendants are without sufficient knowledge or information to form a belief as to

21  the truth of those allegations contained therein and on that basis deny those allegations.  Except as

22  expressly admitted, Defendants deny each and every allegation contained in paragraph 37.

23       38.     In answer to paragraph 38 of the COMPLAINT, Defendants admit that Plaintiff

24  filed DFEH complaints and tort claims, and that the tort claims were denied, and that she filed

25  this lawsuit.  Except as expressly admitted, Defendants deny each and every allegation contained

26  in paragraph 38.

27       39.     In answer to paragraph 39 of the COMPLAINT, Defendants incorporate by

28  reference their answers to paragraphs 1 through 39, inclusive, as though set forth fully herein.

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

40.    In answer to paragraph 40 of the COMPLAINT, Defendants admit that under the ADA, it is unlawful to discriminate against an individual on account of her physical disability, under certain circumstances.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 40.

41.    In answer to paragraph 41 of the COMPLAINT, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

42.    In answer to paragraph 42 of the COMPLAINT, Defendants admit that Plaintiff's Evidence/Property Technician position was eliminated.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

43.    In answer to paragraph 43 of the COMPLAINT, Defendants deny each and every allegation contained therein.

44.    In answer to paragraph 44 of the COMPLAINT, Defendants deny each and every allegation contained therein.

45.    In answer to paragraph 45 of the COMPLAINT, Defendants incorporate by reference their answers to paragraphs 1 through 45, inclusive, as though set forth fully herein.

46.    In answer to paragraph 46 of the COMPLAINT, Defendants admit the allegations contained therein.

47.    In answer to paragraph 47 of the COMPLAINT, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

48.    In answer to paragraph 48 of the COMPLAINT, Defendants admit that Plaintiff's Evidence/Property Technician position was eliminated.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

49.    In answer to paragraph 49 of the COMPLAINT, Defendants deny each and every allegation contained therein.

50.    In answer to paragraph 50 of the COMPLAINT, Defendants deny each and every allegation contained therein.

- 8 -

ANSWER TO FIRST AMENDED
COMPLAINT

51.    In answer to paragraph 51 of the COMPLAINT, Defendants incorporate by reference their answers to paragraphs 1 through 51, inclusive, as though set forth fully herein.

52.    In answer to paragraph 52 of the COMPLAINT, Defendants admit that under California's Fair Employment and Housing Act, it is unlawful to discriminate against an individual on account of her physical disability, under certain circumstances.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 52.

53.    In answer to paragraph 53 of the COMPLAINT, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

54.    In answer to paragraph 54 of the COMPLAINT, Defendants admit that Plaintiff's Evidence/Property Technician position was eliminated, that she received a written memo informing her that she was being put on sick leave monitoring, and that an IA was opened into whether she violated the electronic media use policy.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

55.    In answer to paragraph 55 of the COMPLAINT, Defendants deny each and every allegation contained therein.

56.    In answer to paragraph 56 of the COMPLAINT, Defendants deny that the City of Martinez is liable to Gonzales for the alleged acts of Defendants Simonetti and Peterson.  Except as expressly denied, Defendants admit each and every allegation contained therein.

57.    In answer to paragraph 57 of the COMPLAINT, Defendants deny each and every allegation contained therein.

58.    In answer to paragraph 58 of the COMPLAINT, Defendants deny each and every allegation contained therein.

59.    In answer to paragraph 59 of the COMPLAINT, Defendants incorporate by reference their answers to paragraphs 1 through 59, inclusive, as though set forth fully herein.

60.    In answer to paragraph 60 of the COMPLAINT, Defendants admit that under California law, it is unlawful to harass an individual on account of her physical disability, under certain circumstances.  Except as expressly admitted, Defendants deny each and every allegation

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1   contained in paragraph 60.

2       61.   In answer to paragraph 61 of the COMPLAINT, Defendants are without sufficient

3   knowledge or information to form a belief as to the truth of the allegations contained therein, and

4   on that basis deny each and every allegation contained therein.

5       62.   In answer to paragraph 62 of the COMPLAINT, Defendants deny each and every

6   allegation contained therein.

7       63.   In answer to paragraph 63 of the COMPLAINT, Defendants deny each and every

8   allegation contained therein.

9       64.   In answer to paragraph 64 of the COMPLAINT, Defendants deny each and every

10  allegation contained therein.

11      65.   In answer to paragraph 65 of the COMPLAINT, Defendants deny that the City of

12  Martinez is liable to Gonzales for the alleged acts of Defendants Simonetti, Smith, Blubaugh,

13  Cutaia and Peterson.  Except as expressly denied, Defendants admit each and every allegation

14  contained therein.

15      66.   In answer to paragraph 66 of the COMPLAINT, Defendants deny each and every

16  allegation contained therein.

17      66. [sic] In answer to paragraph 66 [sic] of the COMPLAINT, Defendants deny each and

18  every allegation contained therein.

19      67.   In answer to paragraph 67 of the COMPLAINT, Defendants incorporate by

20  reference their answers to paragraphs 1 through 67, inclusive, as though set forth fully herein.

21      68.   In answer to paragraph 68 of the COMPLAINT, Defendants admit that under

22  California law, an employer must take all reasonable steps necessary to prevent discrimination

23  and harassment from occurring.  Except as expressly admitted, Defendants deny each and every

24  allegation contained therein.

25      69.   In answer to paragraph 69 of the COMPLAINT, Defendants admit that the City of

26  Martinez owed Plaintiff a duty to take all reasonable steps necessary to prevent discrimination

27  and harassment from occurring.  Except as expressly admitted, Defendants deny each and every

28  allegation contained therein.

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

70.    In answer to paragraph 70 of the COMPLAINT, Defendants deny each and every allegation contained therein.

71.    In answer to paragraph 71 of the COMPLAINT, Defendants deny each and every allegation contained therein.

72.    In answer to paragraph 72 of the COMPLAINT, Defendants incorporate by reference their answers to paragraphs 1 through 72, inclusive, as though set forth fully herein.

73.    In answer to paragraph 73 of the COMPLAINT, Defendant admit that Plaintiff made several complaints of alleged harassment and discrimination.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

74.    In answer to paragraph 74 of the COMPLAINT, Defendants admit that Plaintiff's Evidence Technician position was eliminated and that an IA was opened into whether she violated the electronic media use policy.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

75.    In answer to paragraph 75 of the COMPLAINT, Defendants admit that California law prohibits retaliation against employees based on their exercising their rights under the FEHA.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

76.    In answer to paragraph 76 of the COMPLAINT, Defendants deny each and every allegation contained therein.

77.    In answer to paragraph 77 of the COMPLAINT, Defendants incorporate by reference their answers to paragraphs 1 through 77, inclusive, as though set forth fully herein.

78.    In answer to paragraph 78 of the COMPLAINT, Defendants admit that Plaintiff has been an employee of the City of Martinez during the time of the alleged events.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

79.    In answer to paragraph 79 of the COMPLAINT, Defendants deny each and every allegation contained therein.

80.    In answer to paragraph 80 of the COMPLAINT, Defendants deny each and every allegation contained therein.

81.    In answer to paragraph 81 of the COMPLAINT, Defendants incorporate by

ANSWER TO FIRST AMENDED
COMPLAINT

reference their answers to paragraphs 1 through 81, inclusive, as though set forth fully herein.

82.    In answer to paragraph 82 of the COMPLAINT, Defendants deny each and every allegation contained therein.

83.    In answer to paragraph 83 of the COMPLAINT, Defendants admit that Plaintiff seeks the relief specified but deny that she is entitled to any relief at all in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

84.    As a first affirmative defense, Defendants allege that the COMPLAINT fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

85.    As a second affirmative defense, Defendants allege that plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

86.    As a third affirmative defense, Defendants allege, based on information and belief, that plaintiff has failed and continues to fail to act reasonably to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

87.    As a fourth affirmative defense, Defendants allege that some or all of Plaintiff's claims are barred by the privileges and immunities applicable to public employees and agencies, including, but not limited to, California Government Code sections 815, 815.2, 815.6, 818.2, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.6, 822.2, and/or other statutory or common law privileges or immunities.

### FIFTH AFFIRMATIVE DEFENSE

88.    As a fifth affirmative defense, Defendants allege that Plaintiff is barred by estoppel from receiving some or all of the relief she seeks.

### SIXTH AFFIRMATIVE DEFENSE

89.    As a sixth affirmative defense, Defendants allege that Plaintiff has failed to exhaust her administrative remedies under any applicable local, state, or federal policies, regulations, procedures, or laws.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

- 12 -

ANSWER TO FIRST AMENDED
COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

**SEVENTH AFFIRMATIVE DEFENSE**

90.    As a seventh affirmative defense, Defendants allege that Plaintiff is barred from recovery by the doctrines of unclean hands or waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

91.    As an eighth affirmative defense, Defendants allege that Defendant City of Martinez has established and enforced, at all relevant times, policies prohibiting discrimination and retaliation and that the City of Martinez exercised reasonable care at all times to prevent and/or promptly remedy any discrimination or retaliation, if in fact any such conduct ever occurred.

**NINTH AFFIRMATIVE DEFENSE**

92.    As a ninth affirmative defense, Defendants allege that Plaintiff acted unreasonably in failing to take advantage of any preventive or corrective opportunities Defendants provided or otherwise take action to avoid or remedy alleged harm.

**TENTH AFFIRMATIVE DEFENSE**

93.    As a tenth affirmative defense, Defendants allege Plaintiff is barred from seeking any damages from purported physical or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is governed by the Worker's Compensation Act  (Labor Code § 3200 et seq.).

**ELEVENTH AFFIRMATIVE DEFENSE**

94.    As an eleventh affirmative defense, Defendants allege that Plaintiff's claims are barred because Plaintiff has failed to comply with the requirements of the Tort Claims Act and/or has failed to exhaust administrative remedies pursuant to the Tort Claims Act.

**TWELFTH AFFIRMATIVE DEFENSE**

95.    As a twelfth affirmative defense, Defendants allege that even "but for" any alleged discriminatory motives, the actions taken regarding Plaintiff's employment would have been the same.

**THIRTEENTH AFFIRMATIVE DEFENSE**

96.    As a thirteenth affirmative defense, Defendant alleges that Plaintiff's claims are

- 13 -

ANSWER TO FIRST AMENDED
COMPLAINT

1    frivolous, unreasonable, and groundless, and accordingly, Defendants should recover all costs and

2    attorneys' fees incurred herein.

3    ### FOURTEENTH AFFIRMATIVE DEFENSE

4    97.    As a fourteenth affirmative defense, Defendants allege that Plaintiff's

5    COMPLAINT and each cause of action are barred, or any recovery should be reduced, because of

6    Plaintiff's own neglect and fault in connection with the matters alleged.

7    ### FIFTEENTH AFFIRMATIVE DEFENSE

8    98.    As a fifteenth affirmative defense, Defendants allege that Plaintiff's causes of

9    action, and each of them, are barred on the ground that Defendant the City of Martinez had good

10   faith, legitimate, non-discriminatory business reasons, which were not a pretext for discrimination

11   or retaliation, for each and every employment action regarding Plaintiff.

12   ### SIXTEENTH AFFIRMATIVE DEFENSE

13   99.    As a sixteenth affirmative defense, if the individual Defendants are found to have

14   committed the intentional acts alleged in the Complaint, which Defendants deny, those alleged

15   acts were committed outside the scope of employment and, thus, Defendant City of Martinez is

16   not liable for such acts.

17
18   ### SEVENTEENTH AFFIRMATIVE DEFENSE

19   100.    As a seventeenth affirmative defense, Plaintiff cannot state a claim for disability

20   discrimination under either the ADA or the FEHA because she is not a qualified individual with a
     disability.

21
22   ### EIGHTEENTH AFFIRMATIVE DEFENSE

23   101.    As an eighteenth affirmative defense, Defendants allege that Plaintiff's causes of

24   action, and each of them, are barred on the ground that City Defendant took immediate and
     appropriate action to investigate and address Plaintiff's complaints and concerns.

25
26   ### NINETEENTH AFFIRMATIVE DEFENSE

27   102.    As a nineteenth affirmative defense, City alleges that to the extent during the

28   course of this litigation City acquires any evidence of wrongdoing by Plaintiff and the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

- 14 -

ANSWER TO FIRST AMENDED
COMPLAINT

1    wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or

2    would have resulted in any Plaintiff either being demoted, disciplined, or terminated, such after-

3    acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce such claim or

4    damages as provided by law.

5          WHEREFORE, Defendants pray as follows:

6          1.      That Plaintiff's claim for economic and non-economic damages be denied;

7          2.      That Plaintiff's claim for attorneys' fees be denied;

8          3.      That Plaintiff's claim for injunctive relief be denied;

9          4.      That Plaintiff take nothing from this action;

10         5.      That Defendants be awarded their costs of suit herein;

11         6.      That Defendants be awarded their reasonable attorneys' fees as may be determined

12    by the Court; and

13         7.      For such further relief as this Court may deem just and proper.

14

15

16    Dated: July 11, 2008                      LIEBERT CASSIDY WHITMORE

17

18                                              By: _____

19                                                  Suzanne Solomon
                                                Attorneys for Defendants
20                                              CITY OF MARTINEZ, DAVID CUTAIA,
                                                TOM SIMONETTI, MARK SMITH, GARY
21                                              PETERSON, and DON BLUBAUGH

22    63746.2 MA383-011

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

ANSWER TO FIRST AMENDED
                                                COMPLAINT