1  David Sidran, Bar No. 121063
   dsidran@toschisidran.com
2  TOSCHI, SIDRAN, COLLINS, DOYLE
   A Professional Corporation
3  100 Webster Street, Suite 300
   Oakland, CA 94607
4  Telephone:  (510) 835-3400
   Facsimile:  (510) 835-7800
5
6  Attorneys for Plaintiff ROBIN GONZALES

7  Cynthia O'Neill, Bar No. 132334
   coneill@lcwlegal.com
8  Suzanne Solomon, Bar No. 169005
   ssolomon@lcwlegal.com
9  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
10 153 Townsend Street, Suite 520
   San Francisco, CA 94107
11 Telephone:  (415) 512-3000
   Facsimile:  (415) 856-0306
12
   Attorneys for Defendants CITY OF MARTINEZ,
13 DAVID CUTAIA, TOM SIMONETTI, MARK
   SMITH, GARY PETERSON, and DON
14 BLUBAUGH

15              UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

18 ROBIN GONZALES,                    Case No. C 08-01754 JSW

19              Plaintiff,            JOINT CASE MANAGEMENT
                                      CONFERENCE STATEMENT AND
20 v.                                 PROPOSED ORDER

21 CITY OF MARTINEZ, DAVID CUTAIA,    Date:       July 25, 2008
   TOM SIMONETTI, MARK SMITH,         Time:       1:30 p.m.
22 GARY PETERSON, DON BLUBAUGH        Courtroom:  2, 17th Floor
   and DOES 1 through 100, inclusive, Judge:      Hon. Jeffrey S. White
23
                Defendants.
24

25

26

27

28       Pursuant to F.R.C.P. 26(f), counsel for the parties met and conferred regarding case

1  management on July 7, 2008. The parties jointly submit this Case Management Statement and
2  Proposed Order and request the Court to adopt it as its Case Management Order in this case.

3  **1.    Jurisdiction and Service**

4  The parties agree that the Court has subject matter jurisdiction over all of the plaintiff's
5  claims in this action. The parties agree that the Court has jurisdiction over the parties to this
6  action. There are no parties that remain to be served.

7  **2.    Facts**

8  Plaintiff has worked for the City of Martinez Police Department for 23 years. For most of
9  that time, she held the position of Evidence/Property Technician. In that position, her duties were
10 to collect and store evidence and property, and to work shifts in the Dispatch Department as
11 needed. Plaintiff alleges that she is a qualified individual with a disability (consisting of cervical
12 disk herniations suffered on the job). Due to Plaintiff's injuries, her doctor issued a medical
13 restriction on the number and sequence of shifts she could work, per week, in the Dispatch
14 Department.

15 Plaintiff alleges that Defendant the City of Martinez discriminated against her because of
16 her alleged disability by: assigning her extra Dispatch shifts (instead of assigning them to others),
17 asking her to get updated medical information from her doctor, reprimanding her for her sick
18 leave usage, denying her vacation leave, and refusing to answer questions posed by a background
19 investigator from another agency to whom Plaintiff had applied for a job. In 2007, the City
20 eliminated Plaintiff's Evidence/Property Technician position, and Plaintiff took another position
21 with the City, which she alleges constitutes a demotion. She alleges that the decision to eliminate
22 her position was a pretext for discrimination based on her disability. Plaintiff alleges that all of
23 the individual defendants (former Police Chief David Cutaia, current police Chief Tom Simonetti,
24 former Police Commander Mark Smith, and Commander Gary Peterson) participated in these
25 decisions. She also claims that Defendant Don Blubaugh, formerly the Martinez City Manager,
26 threatened her about what would happen if she did not drop her DFEH charge.

27 Plaintiff also claims that all of the Defendants harassed her because of her disability, and
28 retaliated against her for making complaints about her supervisors and other employees. She also

alleges that the City of Martinez failed to prevent discrimination and harassment and that all defendants intentionally inflicted emotional distress on her.

The principal factual issues in dispute are:

(a) the reasons for the City's decision to eliminate Plaintiff's Evidence/Property Technician position (and which Defendants did and did not participate in that decision);

(b) the reasons for the City's refusal to answer questions about Plaintiff asked by the background investigator;

(c) whether and when Plaintiff complained about her supervisors, the substance of those complaints, and what actions the City took in response to those complaints;

(d) the substance of the communications Plaintiff had with former City Manager Don Blubaugh about resolution of her claims;

(e) whether Plaintiff was reprimanded for sick leave usage;

(f) whether Plaintiff was denied vacation leave based on her disability;

(g) the reasons Plaintiff was assigned to work Dispatch shifts, and the timing and frequency of those shifts, as compared to the assignment of other personnel to cover open Dispatch shifts; and

(h) whether Plaintiff's compensation in her new position as Police Assistant is lower than the compensation she received when she was an Evidence/Property Technician.

3. **Legal Issues**

(a) Whether Plaintiff was a qualified individual with a disability;

(b) Regarding Plaintiff's claims under the ADA, for disability discrimination (first cause of action) and retaliation (second cause of action):

(i) whether the actions that Plaintiff alleges Defendant City of Martinez took against her meet the standard for adverse actions; and

(ii) whether any adverse actions taken by Defendant City of Martinez were based on legitimate business reasons, and if so, whether Plaintiff has any evidence that those reasons were pretextual;

(c) Regarding Plaintiff's claims under FEHA, for disability discrimination (third cause of

action) and retaliation (sixth cause of action):

    (i) whether the actions that Plaintiff alleges Defendant City of Martinez took against her meet the standard for adverse actions as stated in *Yanowitz v. L'Oreal* (2005) 36 Cal.4th 1028, 1054; and

    (ii) whether any adverse actions taken by Defendant City of Martinez were based on legitimate business reasons, and if so, whether Plaintiff has any evidence that those reasons were pretextual;

  (d) Regarding Plaintiff's claim for harassment based on disability under FEHA (fourth cause of action):

    (i) whether the actions that Plaintiff alleges Defendants took against her consist of conduct outside the scope of necessary job performance, engaged in for personal gratification or for other personal motives, as required in order to be the basis of a hostile environment claim, as stated in *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 62; and

    (ii) whether the alleged conduct on which Plaintiff's claim for a disability-based hostile environment is based was severe or pervasive as alleged against each defendant;

  (e) Regarding Plaintiff's claim for intentional infliction of emotional distress (seventh cause of action) whether the conduct on which that claim is based is outrageous enough to be actionable, as opposed to merely part of the employment relationship, and thus not actionable, pursuant to *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590;

  (f) Regarding Plaintiff's claim for intentional infliction of emotional distress (seventh cause of action), whether all Defendants are immune from liability on this claim pursuant to Cal Government Code §§ 820.2 and 815.2(b), because the alleged violation is based on the exercise of discretion. *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 42 Cal.Rptr.2d 842;

  (g) Whether Plaintiff has an adequate legal remedy and/or will suffer irreparable injury if the Court does not issue the injunction that Plaintiff seeks;

  (h) Whether any of Plaintiff's claims are barred by the statutes of limitations;

  (i) Whether Plaintiff exhausted administrative remedies;

  (j) Whether Plaintiff's request for injunctive relief constitutes a prior restraint; and

(k) Whether Plaintiff is barred from seeking any damages for alleged physical or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is governed by the Worker's Compensation Act (Labor Code § 3200 et seq.).

**4.   Motions**

No motions are currently pending. Defendants anticipate filing a motion for summary judgment. All parties anticipate filing motions in limine.

**5.   Amendment of Pleadings**

Plaintiff has filed a First Amended Complaint. The parties do not anticipate any further amendments of the pleadings.

**6.   Evidence Preservation**

All parties have taken steps to preserve all documents, electronic data, and other evidence relating to this litigation.

**7.   Disclosures**

The parties made disclosures on or before July 18, 2008.

Plaintiff disclosed: Plaintiff's entire file containing all documents in her possession concerning her employment at City of Martinez bearing on the issues and matters alleged in her complaint on file herein.

Plaintiff also disclosed the following witnesses in addition to the named Defendants: (1) Jon Sylvia, (2) Steve Caldera, (3) Bryan Dodd, (4) Jenice Harvey, (5) Kathy Frazer, (6) Mike Morley, (7) Katrina Crayton, (8) Steve Gaul, (9) Josephine London, (10) Karen Kramer, (11) Susan Skamser, (12) Dr. Barbara McQuinn.

Defendants disclosed the following witnesses: Don Blubaugh, June Catalano, David Cutaia, Valerie Fisher, Renee Jacobs, Karen Kramer, Josephine London, Lianne Marshall, Gary Peterson, David Reuben, Mark Smith, and Tom Simonetti.

Defendants disclosed the following documents:

1. Plaintiff's personnel files (Bates-stamped CM0001-564).
2. Plaintiff's evaluations file (Bates-stamped CM0565-697).

3. Documents regarding positions open with the City during the relevant time period (Bates-stamped CM0698-792).

4. Documents regarding the decision to eliminate the Evidence/Property Technician position, the Civil Service Commission's recommendation to approve the elimination and the City Council's decision to eliminate it (Bates-stamped CM0793-910).

5. Documents regarding complaints Plaintiff made (Bates-stamped CM0911-975).

6. Documents regarding Plaintiff's medical restrictions (Bates-stamped CM0976-1055).

7. Documents regarding Plaintiff's sick leave (Bates-stamped CM1056-1086).

8. Documents regarding overtime (Bates-stamped CM1087-1090).

9. Documents regarding Plaintiff's Dispatch duties (Bates-stamped CM1091-1095).

10. Documents regarding Plaintiff's vacation request (Bates-stamped CM1096-1100).

11. Miscellaneous documents regarding Plaintiff's claims (Bates-stamped CM1101-1114).

**8.     Discovery**

No discovery has occurred to date. Counsel have met and conferred regarding discovery and disclosures. The parties do not believe any modifications to the rules regarding written discovery are necessary. The parties agree that Plaintiff's deposition, and the depositions of some or all of the named defendants, may require more than 7 hours and the parties agree to cooperate in determining an appropriate length for those deposition as they occur.

The parties have agreed on the following discovery plan: Each party will propound written discovery. Defendants will depose Plaintiff. Plaintiff will depose all defendants and perhaps up to 12 other witnesses.

Certain documents reflecting investigations into complaints made by Plaintiff against parties and third parties are peace officer personnel records, the disclosure of which is governed by California Evidence Code §§ 1040, 1041, 1043 and 1045, California Penal Code §§ 832.7 and 832.8 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. Defendant City of Martinez will determine whether the peace officers involved will waive the *Pitchess* procedures regarding those

certain documents and produce the documents voluntarily, subject to an appropriate protective order limiting disclosure to this action only. If the peace officers do not agree to a waiver, Plaintiff will be required to make a *Pitchess* motion.

**9.   Class Actions**

This matter is not a class action.

**10.   Related Cases**

There are no related cases pending in this Court.

**11.   Relief**

Plaintiff seeks economic damages, general damages, attorney's fees and costs. She also seeks injunctive relief as follows:

(1) Prohibiting Defendants from engaging in any further acts of harassment, retaliation and discrimination against her;

(2) Ordering the City of Martinez to restore Plaintiff to her former position as Evidence/Property Technician; and

(3) Ordering the City of Martinez to cooperate in good faith in responding to background investigators from other agencies concerning Plaintiff's applications for employment.

Plaintiff contends that she has lost the opportunity for overtime as a result of the retaliatory conduct of Defendants and will therefore present a claim for economic damages based on the number of overtime hours she calculates will have been lost as of the date of trial and a projection for lost overtime beyond that date. Plaintiff also contends that Defendants' conduct has caused an exacerbation and/or aggravation of her preexisting cervical disk injury such that her emotional distress damages will also include pain and suffering related to that bodily injury.

Plaintiff's counsel has already incurred attorney's fees and costs in excess of $50,000 in the course of pursuing administrative remedies before the Civil Service Commission for the City of Martinez, the City Counsel for the City of Martinez, filing a government code claim, preparation of the complaint on file herein, attending and participating in related investigative and disciplinary proceedings.

Defendants contend that if liability is established, Plaintiff's damages would consist only of emotional distress damages. Plaintiff has no wage loss damage because she currently earns the exact same salary and benefits that she earned before the elimination of her Evidence/Property Technician position. Defendant also contends that reinstatement of Plaintiff to her former position as Evidence/Property Technician is not appropriate or feasible, because the position has been eliminated and the funds reallocated to pay for the creation of another position in the Police Department.

Defendants deny that Plaintiff's opportunities to work overtime were reduced as a result of any of the conduct alleged in this action, and deny that it would be possible to calculate some theoretical amount of overtime that Plaintiff claims she would have worked but for the events alleged in the complaint.

**12.  Settlement and ADR**

The parties have not agreed to an ADR process.

**13.  Consent to Magistrate Judge for All Purposes**

The parties do not consent to a magistrate judge.

**14.  Other References**

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The parties agree that Plaintiff's request for injunctive relief should be bifurcated.

**16.  Expedited Schedule**

This case can not be handled on an expedited basis due to the length of time needed to complete the discovery process.

**17.  Scheduling**

The parties propose the following schedule for trial of this matter:

October 16, 2008     Designation of Experts

January 16, 2009     Cutoff of All Discovery

March 20, 2009      Last day to Hear Dispositive Motions

| | | |
|---|---|---|
| 1 | June 22, 2009 | Pretrial Conference |
| 2 | August 10, 2009 | Trial |

**18. Trial**

Plaintiff has requested a jury trial. The parties anticipate that the trial will take no more than 12 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff is not aware of any non-party interested entities.

Pursuant to Local Rule 3-16(a), Defendant City of Martinez is not required to file or disclose interested parties because it is a public entity. The remaining defendants are not aware of any non-party interested entities.

Dated: July __, 2008

TOSCHI, SIDRAN, COLLINS, DOYLE

By:_____
David Sidran
Attorneys for Plaintiff ROBIN GONZALES

Dated: July 17, 2008

LIEBERT CASSIDY WHITMORE

By:_____
Suzanne Solomon
Attorneys for Defendants
CITY OF MARTINEZ, DAVID CUTAIA,
TOM SIMONETTI, MARK SMITH, GARY
PETERSON, and DON BLUBAUGH

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

_____
The Honorable Jeffrey S. White
United States District Court Judge

65843.1 MA383-011

|   |   |   |
|---|---|---|
| 1 | June 22, 2009 | Pretrial Conference |
| 2 | August 10, 2009 | Trial |

**18.   Trial**

Plaintiff has requested a jury trial. The parties anticipate that the trial will take no more than 12 days.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiff is not aware of any non-party interested entities.

Pursuant to Local Rule 3-16(a), Defendant City of Martinez is not required to file or disclose interested parties because it is a public entity. The remaining defendants are not aware of any non-party interested entities.

Dated: July 17, 2008

TOSCHI, SIDRAN, COLLINS, DOYLE

By: /s/ David Sidran
David Sidran
Attorneys for Plaintiff ROBIN GONZALES

Dated: July __, 2008

LIEBERT CASSIDY WHITMORE

By:_____
Suzanne Solomon
Attorneys for Defendants
CITY OF MARTINEZ, DAVID CUTAIA, TOM SIMONETTI, MARK SMITH, GARY PETERSON, and DON BLUBAUGH

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:

_____
The Honorable Jeffrey S. White
United States District Court Judge

65843.1 MA383-011