United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBIN GONZALES,

Plaintiff,

v.

CITY OF MARTINEZ, et al.,

Defendants.
/

No. C 08-01754 JSW

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Now before the Court is the motion for leave to file a second amended complaint by plaintiff Robin Gonzales ("Plaintiff"). This matter is set for a hearing on January 23, 2009. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for January 23, 2009 on Plaintiff's motion for leave to amend is VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court denies Plaintiff's motion.

**BACKGROUND**

Plaintiff alleges that she was discriminated based on her disability by her employer, the City of Martinez ("Martinez"), David Cutaia, who was Chief of Police until December 31, 2007 ("Cutaia"), Tom Simonetti, who was a Commander for Martinez up until December 31, 2007, after which he became Chief of Police ("Simonetti"), Detective Sergeant Gary Peterson ("Peterson"), and City Manager Don Blubaugh ("Blubaugh") (collectively, "Defendants"). Starting in 1986, Plaintiff was a police assistant with the primary duty of maintaining the

United States District Court
For the Northern District of California

evidence room for the Martinez police department. (First Amended Complaint ("FAC"), ¶ 10.) In 1992, Plaintiff's position was reclassified to evidence/property technician ("EPT"). (*Id.*, ¶ 11.) Throughout this time, both as a police assistant and as an EPT, Plaintiff worked intermittently as a dispatcher. (*Id.*)

Over the course of her twenty-three yeas of working for Martinez, Plaintiff suffered a number of industrial injuries, the most notable of which occurred on June 9, 2000. Plaintiff injured her neck and suffered from herniated disks. Her doctor imposed restrictions on the time she could conduct dispatching. (*Id.*, ¶ 12.)

Plaintiff's EPT job description required her to fill in on occasion as a dispatcher. While a number of other Martinez employees were required to fill in as a dispatcher as part of their job descriptions, Plaintiff was the only one of these employees, including police assistants, who was assigned to dispatch for approximately two shifts per week by Peterson and Martinez during 2005 through 2007. (*Id.*, ¶ 13.) Plaintiff was assigned these dispatch shifts despite her disability affecting her ability to work in dispatch. (*Id.*)

Peterson became Plaintiff's supervisor in 2005. Before Peterson became her supervisor, Plaintiff had worked only sporadically in dispatch. (*Id.*, ¶ 14.) Peterson increased the time and number of days Plaintiff had to work in dispatch, despite his knowledge that dispatch work aggravated the industrial injury to her neck. (*Id.*) As her supervisor, Peterson began to harass, retaliate and discriminate against her based on her industrial injury and disability, including by increasing her time as a dispatcher while failing to assign dispatch shifts to other Martinez employees, including police assistants, who had dispatching in their job description. (*Id.*) Plaintiff began taking regular sick time to recover from the aggravation to her neck injury caused by her increased dispatching shifts. (*Id.*)

In 2005, Plaintiff submitted a written complaint to Cutaia and Simonetti based on Peterson's repeated harassment of her because of her disability. (*Id.*, ¶ 17.) Cutaia, Simonetti, Smith and Peterson then retaliated against her for complaining about the harassment. (*Id.*)

Plaintiff seeks leave to amend to insert the following allegations:

> Martinez, Cutaia, Simonetti, Smith, Blubaugh and Peterson, have assigned [Plaintiff] extra dispatch shifts when they knew or should have known that these shifts would

United States District Court
For the Northern District of California

> cause physical pain to [Plaintiff]. Martinez, Cutaia, Simonetti, Smith, Blubaugh and Peterson assigned these shifts to [Plaintiff] while male employees who were capable of fulfilling such shifts were not assigned the shifts. The sole basis for assigning these shifts to [Plaintiff] and not the other male employees was her gender and to further retaliate against [Plaintiff] for making claims regarding her disability as alleged [above].
>
> Peterson has made statements that are patently sexist to and about female employees working at Martinez. Martinez has been aware of these statements and has tacitly ratified these statements by refusing to discipline Peterson in response to these statements.
>
> [Plaintiff] is informed and believes and based thereon alleges, that the current plan of harassment, retaliation, gender and disability discrimination being directed against her is an effort to overwork her and harass her to the point she is forced to quit. Defendants are attempting to accomplish this by assigning her more job duties that a single fulltime employee could reasonably be expected to complete in a regular work week, by assigning her additional job tasks that are known to cause her physical pain while male employees are not required to do the same work, and permitting an environment that allows male employees to make disparaging remarks to and about female employees without discipline.

(Proposed Second Amended Complaint, ¶¶ 39-41.) Plaintiff seeks to add a claim for discrimination and harassment based on gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and a claim for discrimination and harassment based on gender under California Fair Housing and Employment Act ("FEHA"), California Government Code § 12940(a).

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Applicable Legal Standards.

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing

side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

However, upon the expiration of a deadline established in a scheduling order issued pursuant to Federal Rule of Civil Procedure 16 ("Rule 16"), a party must demonstrate good cause before the amendment of the deadline will be allowed. *Johnson v. Mammoth Recreations*, 975 F. 2d 604, 607-08 (9th Cir. 1992). After demonstrating the existence of good cause required under Rule 16, the party must demonstrate that amendment is proper under Rule 15. *Id*.

**B. Plaintiff's Motion.**

Defendants argue, and Plaintiff does not appear to contest, that Rule 16 applies here. However, as discussed below, the Court finds that Plaintiff fails to demonstrate that leave should be granted pursuant to Rule 15(a). Therefore, the Court need not determine whether good cause exists under Rule 16.

Plaintiff seeks leave to amend to allege that she was discriminated against based on gender, as well as her disability. Defendants argue that Plaintiff unduly delayed in seeking to amend, that they would be prejudiced by the amendment, and that the amendment should be denied as futile. Defendants have made a sufficient showing on all these grounds.

Plaintiff argues that she did not discover the basis for her gender discrimination claim until the deposition of Simonetti on December 3, 2008, at which he testified that the other police assistants, who were male, were not assigned dispatch duties when a need arose, despite the fact that dispatching was one of the duties in their job descriptions. She further argues that Chief Simonetti testified that none of the male police assistants had any mental or physical disability that prevented them from dispatching. (Mot. at 3-4.) Moreover, Plaintiff argues that she first discovered that Peterson made sexually discriminatory statements through documents Defendants produced. However, Defendants submit evidence demonstrating that Plaintiff was aware as of the date of her deposition on October 1, 2008, that all of the police assistants with dispatching obligations were male. (Declaration of Suzanne Solomon ("Solomon Decl."), Ex. 7.) Defendants further show that Plaintiff was aware that Peterson made gender-based

United States District Court
For the Northern District of California

comments in 2005. On October 4, 2005, Plaintiff made a written complaint about Peterson's gender-based comments. (*Id*., Ex. 5.) Therefore, it appears as though Plaintiff was aware of the facts supporting her new gender discrimination claim before Simonetti's deposition in December of 2008. Accordingly, the Court finds that Plaintiff delayed in moving for leave to amend.

More significantly, Defendants would be prejudiced by this late amendment. When "additional discovery would have to be undertaken" because the amended pleading contains "different legal theories and require[s] proof of different fact[s]," the opposing party may be prejudiced. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Discovery in this matter has already closed and, thus, Defendants would be precluded from conducting discovery on Plaintiff's proposed new claim. Therefore, the Court finds that Defendants would be unfairly prejudiced if the Court granted Plaintiff leave to amend.

Finally, granting Plaintiff leave to amend would be futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is properly denied where the amendment would be futile). To bring a statutory claim for a violation of FEHA, a plaintiff must first file a written complaint with the California Department of Fair Employment and Housing ("DFEH") and obtain a "right to sue" letter from DFEH. Cal. Govt. Code § 12960(d); *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 & n.5 (9th Cir. 2001). Claims that are not raised before the DFEH are barred for failure to exhaust administrative remedies. *See Rodriguez*, 265 F.3d at 897. Similarly, exhausting administrative remedies is a jurisdictional prerequisite to maintaining a claim under Title VII. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) (citing *B.K.B. v. Maui Police Dep't.*, 267 F.3d 1091, 1099 (9th Cir. 2002) and *EEOC v. Farmer Bros*., 31 F.3d 891, 899 (9th Cir. 1994)).

"The scope of the written administrative charge defines the permissible scope of the subsequent civil action." *Rodriguez,* 265 F.3d at 897. Allegations beyond the scope of the administrative complaint "are barred for failure to exhaust." *Id*. Plaintiff may only bring claims that are "like or reasonably related to" her claims of disability discrimination that she raised in her administrative charges. *Id*. "This standard is met where the allegations in the civil suit are

United States District Court
For the Northern District of California

within the scope of the administrative investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (internal quotes and citation omitted) (finding that plaintiff's charge of discrimination against Mexican-Americans would not reasonably trigger an investigation into discrimination on the grounds of disability); *see also Felix v. State Compensation Ins. Fund*, 2007 WL 3034444, *5-6 (C.D. Cal. Oct. 3, 2007) (finding that charge alleging race and age discrimination would not reasonably trigger an investigation into disability discrimination).

In her administrative charges, Plaintiff alleged denial of reasonable accommodation, denial of leave for her medical conditions under the California Family Medical Leave Act, and harassment because of her physical disability. (Solomon Decl., Exs. 9, 10.) Contrary to Plaintiff's argument that she merely forgot to check the box for sex discrimination, she seeks to add factual allegations regarding the gender of the police assistants and Peterson's sexually discriminatory statements. Without such new allegations, the Court finds that Plaintiff's administrative claims would not have reasonably triggered an investigation into sex discrimination. Therefore, Plaintiff's proposed new gender discrimination claims would be barred for failure to exhaust. Accordingly, the Court denies Plaintiff leave to amend because such leave would be futile. *See DeSoto*, 957 F.2d at 658.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff leave to amend.

**IT IS SO ORDERED.**

Dated: January 21, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE