IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBIN GONZALES,

    Plaintiff,

v.

CITY OF MARTINEZ, et al.,

    Defendants.

_____/

No. C 08-01754 JSW

**ORDER (1) DIRECTING PLAINTIFF TO FILE AMENDED OPPOSITION; (2) CONTINUING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (3) GRANTING PLAINTIFF'S MOTION TO SEAL DOCUMENTS**

    Defendants' motion for summary judgment is set to be heard by the Court on May 1, 2009. Upon review of the parties' papers, the Court notes that Plaintiff's opposition to Defendants' motion for summary judgement fails to cite to *any* supporting evidence. Instead, Plaintiff purports to incorporate by reference the entire declarations, and presumably the attached declarations, of Robin Gonzales and David R. Sirdan. To defeat a motion for summary judgment, Plaintiff is obliged to set forth specific facts supported by admissible evidence, *i.e.*, affidavits or certified deposition testimony, showing that there is a genuine issue for trial. *See S.A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). It is not a district court's task to "scour the record in search of a genuine issue of triable fact." *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also Schneider v. TRW, Inc.*, 938 F.2d 986, 990 n.2 ("a district court is under no obligation to mine the full record for issues of triable fact"). Moreover, mere argument in a legal brief is

insufficient to create a genuine issue of material fact. *See S.A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda").

Plaintiff is directed to file an amended opposition brief by no later than April 24, 2009. Plaintiff shall cite to the *specific portions* of any declaration or exhibit on which she relies in support of any argued facts. For example, to the extent Plaintiff relies on testimony in a deposition, Plaintiff shall cite to the specific page and line numbers of the narrow portion of the deposition transcript in support of the fact asserted. The Court will not scour the record and will only review the specific portions of the evidence to which Plaintiff cites in support of a particular fact. However, Plaintiff shall not submit any additional evidence in opposition to the motion. Plaintiff merely shall revise her opposition brief to include specific citations to the narrow portions of each declaration or exhibit on which she relies in support of the facts she argues.

Defendants may file an amended reply brief by no later than May 1, 2009. The Court HEREBY CONTINUES the hearing on Defendants' motion for summary judgment to June 5, 2009 at 9:00 a.m..

In violation of N.D. Civ. L.R. 56-2(a) and this Court's Standing Order, ¶ 8, Plaintiff submitted a statement of disputed facts in paragraph 16 of the declaration of David R. Sirdan. Therefore, the Court HEREBY STRIKES paragraph 16 of Sirdan's declaration.

The Court notes that Plaintiff has not complied with the requirement in the Court's Standing Order to provide chambers' copies of all documents filed by noon of the next business day after the documents were filed. (*See* Standing Order, ¶ 4.) Plaintiff shall submit chambers' copies of the declarations of Robin Gonzales and David R. Sirdan and is admonished to comply with this requirement with all future filings.

The Court GRANTS Plaintiff's motion to file documents under seal. However, the Court notes that Plaintiff publicly filed such documents as exhibits to Sirdan's Declaration in support of the motion to file under seal. Plaintiff shall lodge a copy of the documents under seal

1  in accordance with N.D. Civ. L.R. 79-5(b).  Moreover, Plaintiff shall contact the Court's ECF
2  help line to remove the publicly filed documents from the docket.  With respect to any future
3  requests to file under seal, Plaintiff is admonished to comply with N.D. Civ. L.R. 79-5.
4  **IT IS SO ORDERED.**

6  Dated: April 10, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE